UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HAU MINH TRAN,

                Petitioner,

      v.

SCOTT FRAKES,

                Respondent.

CASE NO. C11-0768-JCC

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
DISMISSING CASE

This matter comes before the Court on Petitioner's 28 U.S.C. § 2254 petition for writ of
habeas corpus (Dkt. No. 1), the Report and Recommendation of United States Magistrate Judge
James P. Donohue (Dkt. No. 17), and Petitioner's objections to the Report and Recommendation
(Dkt. No. 18). Having thoroughly considered the Report and Recommendation, the parties'
briefing, and the remainder of the record, the Court hereby ADOPTS the Report and
Recommendation for the reasons explained below.

**I.     DISCUSSION**

    **a.  Legal Standard**

The district court must make a de novo determination of those portions of a magistrate
judge's report or specified proposed findings or recommendations to which a party objects. 28
U.S.C. § 636(b)(1). However, de novo review is not required when a party fails to direct a court
to a specific error in the proposed findings and recommendations. 32 Am. Jur. 2d *Federal Courts*

§ 145 (2010). A mere recitation or summary of arguments previously presented is not an "objection" as that term is used in this context since a valid "objection" must put the district court on notice of potential errors in the magistrate judge's report and recommendation. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937-938 (E.D. Mich. 2004). As the Sixth Circuit has explained, without a specific objection to particular aspects of the report and recommendation, "the district court's attention is not focused on any specific issues for review, thereby making the initial [referral] to the magistrate useless. . . . [t]his duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

## b. Claim 1: Substitution of Counsel/Ineffective Assistance

With respect to his first claim, Petitioner argues that the Report and Recommendation is defective because the magistrate judge failed to review his ineffective assistance of counsel claim on a de novo basis. Petitioner is incorrect. As the magistrate judge correctly recognized, Petitioner's ineffective assistance of counsel claim was adjudicated on the merits in state court, and therefore a more limited standard of review is applied at the habeas stage. Specifically, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief on a claim "adjudicated on the merits" in state court only if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

## c. Claim 2 (Unanimity Instruction) and Claim 3 (Firearm Sentencing Enhancement)

With respect to his second and third claims, Petitioner's comments do not constitute valid "objections" as they merely restate previously submitted arguments and fail to specify any particular error in the Report and Recommendation. The Court sees no reason to depart from the sound reasoning of the magistrate judge.

### d. Claim 4: Vietnamese-Language Interpreter

With respect to his fourth claim, Petitioner alleges that the Report and Recommendation misstates the relevant law in regards to his Fifth Amendment right against self-incrimination. Petitioner is incorrect. The magistrate judge correctly stated that the Supreme Court has never held that an individual has a constitutional right to an interpreter during pre-indictment questioning. Accordingly, the magistrate judge rightly held that the state court decision was not contrary to clearly established federal law.

### e. Evidentiary Hearing

Petitioner argues that an evidentiary hearing should be granted so that his ineffective assistance of counsel claim can be reviewed de novo, and so that the record can be sufficiently inspected as to his Fifth Amendment rights. However, Petitioner is not entitled to an evidentiary hearing because the record refutes his factual allegations and legal claims of error. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

## II. CONCLUSION

Therefore, the Court ORDERS as follows:

(1)     The Report and Recommendation (Dkt. No. 17) is adopted and approved.

(2)     Petitioner's habeas petition (Dkt. 1) is DENIED, and this matter is DISMISSED with prejudice.

(3)     In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED with respect to all grounds asserted by petitioner in his habeas petition.

//

//

//

//

//

1     (4)    The Clerk is directed to send a copy of this Order to Petitioner, all counsel of

2  record, and Magistrate Judge Donohue.

3          DATED this 10th day of April 2012.

4

5

6                                                      _____

7                                                      John C. Coughenour
                                                       UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING CASE
PAGE - 4